United States District Court
Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLARISSA C. CORTEZ, | Case No.: 12-3146 JSC |
| Plaintiff, | **ORDER GRANTING IN PART DEFENDANTS' MOTIONS TO DISMISS (Dkt. Nos. 5, 13.)** |
| v. | |
| NEW CENTURY MORTGAGE CORPORATION, et al., | |
| Defendants. | |

This case involves the attempted foreclosure of pro se Plaintiff Clarissa Cortez's residence by Defendant Saxon Mortgage Services, Inc. ("Saxon").[1] The Complaint in this case is identical to an earlier complaint filed by Plaintiff in state court on January 21, 2011 (which was subsequently removed to this Court) against the same Defendants named in this case. (Case No. 11-1019, Dkt. No. 1.)  Now pending before the Court is Defendant Saxon's Motion to Dismiss this new action. (Dkt. No. 5.)  Defendant Old Republic Default Management Services has joined in the motion. (Dkt. No. 13.)

---

[1] Pursuant to 28 U.S.C. § 636(c), all parties consented to the jurisdiction of a United States magistrate judge. (Dkt. Nos. 11,15,16.)

Defendants move to dismiss the entire Complaint on the grounds of res judicata and on the merits.[2] After careful review of the parties' submissions, and having had the benefit of oral argument on August 2, 2012, at which Plaintiff personally appeared, the Court GRANTS Defendant Old Republic's motion to dismiss all claims with prejudice and GRANTS Defendant Saxon's motion to dismiss all claims with prejudice except for Plaintiff's twenty-third cause of action as outlined below.

## ALLEGATIONS OF THE COMPLAINT[3]

The following facts are taken from Plaintiff's Complaint and the documents submitted by Saxon, of which the Court takes judicial notice.[4] In August of 2005, Plaintiff refinanced the mortgage on her home located at 2609 Covelite Way in Antioch, California ("the Property") with a $560,000 loan from New Century Mortgage Corporation ("New Century"). The loan was an interest-only adjustable rate mortgage. Repayment of the loan was secured by a first deed of trust on the Property. Old Republic Title Company was the trustee on the deed of trust. On September 2, 2005, the note and deed of trust were assigned to Deutsche Bank Trust Company America, as trustee and custodian for HSBC Bank USA. Saxon is the loan servicer for Deutsche Bank.[5]

---

[2] The federal docket does not indicate that Defendants New Century Mortgage Corporation and Pacific Mortgage Consultants were served after the case was removed.

[3] The summary of the facts and background are taken largely from District Court Judge Claudia Wilken's November 3, 2011 order granting Defendant Saxon Mortgage's Motion to Dismiss for all claims except Plaintiff's claim under California Civil Code section 2923.5. (No. 11-1019, Dkt. No. 20.)

[4] Although courts generally cannot consider documentary evidence on a motion to dismiss, doing so is appropriate when the pleadings refer to the documents, their authenticity is not in question, and there are no disputes over their relevance. Coto Settlement v. Eisenberg, 593 F.3d 1031, 1038 (9th Cir. 2010); Branch v. Tunnell, 14 F.3d 449, 454 (9th Cir. 1994) (holding that courts may properly consider documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleadings").

[5] Plaintiff's Complaint alleges that New Century assigned the loan to Saxon. Although on a motion to dismiss the allegations in the complaint are taken as true, this presumption does not apply when the allegations are contradicted by documents of which the Court may take judicial notice. See Data Disc, Inc. v. Systems Technology Assocs., Inc., 557 F.2d 1280, 1284 (9th Cir. 1977). The documents of which the Court takes judicial notice indicate that the loan

Sometime in 2007 Plaintiff became delinquent on her loan payments. On March 26, 2008, a substitution of trustee was recorded whereby Old Republic Default Management Services became trustee on the deed of trust. Several notices of default and notices of trustee's sale have been recorded against the property, but were stayed when Plaintiff filed for bankruptcy protection. The property was foreclosed on February 26, 2010; a Trustee's Deed Upon Sale was recorded on March 9, 2010. However, the sale was rescinded and, on March 29, 2010, a Notice of Rescission of Trustee's Deed Upon Sale was recorded.[6] The most recent notice of trustee's sale was recorded on March 29, 2010, and the sale of the property was scheduled to take place on August 27, 2010. According to Saxon, the trustee's sale has not yet occurred.

Plaintiff alleges that 1) the terms of her loan were not clear or conspicuous; 2) Defendants qualified her for a loan that they knew or should have known that she could not pay; 3) Defendants never explained to her the negative amortization aspect of the loan; 4) Defendants engaged in predatory lending in making the loan to her; 5) she has been attempting to contact Defendants to negotiate a modification of her loan, but they have not made a meaningful offer; and 6) she was the victim of fraudulent lender behavior. Based on these allegations, Plaintiff asserts the following causes of action against all Defendants: 1) breach of the implied covenant of good faith and fair dealing; 2) violation of the Truth in Lending Act (TILA), 15 U.S.C. § 1601 et seq.; 3) violation of the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. § 2601 et seq.; 4) violation of California Civil Code sections 1916.7b, 1916.7b(2), 1916.7(b)(4)(B),[7] 1916.7(b)(8),[8] 1916.7(c),[9] 1918.5, 1920, 1921,[10] 2079.16, and 1632; 5) violation of California Commercial Code section 9313; 6)

---

was not assigned to Saxon. The accuracy of this allegation, however, is irrelevant to the Court's decision on Saxon's motion to dismiss.

[6] The sale was rescinded because it occurred while Plaintiff was protected by the bankruptcy stay.
[7] Plaintiff incorrectly labels this as § 1916.7B.
[8] Plaintiff incorrectly labels this as § 1916.7a(8).
[9] Plaintiff incorrectly labels this as § 1916.710(C).
[10] Plaintiff incorrectly labels §§ 1918.5, 1920 and 1921 as §§ 1918.5-1921.1920 respectively.

3

1  rescission; 7) fraud; 8) unfair and deceptive business practices; 9) breach of fiduciary duty;
2  10) unjust enrichment; 11) unconscionability, 12) predatory lending in violation of California
3  Business and Professions Code section 17200; 13) quiet title; 14) failure to modify loan in
4  violation of California Civil Code sections 2923.5 et seq. and 2923.6; 15) wrongful
5  foreclosure in violation of California Civil Code sections 2923.5 et seq. and 2924; 16)
6  declaratory and injunctive relief; and 17) temporary restraining order and preliminary and
7  permanent injunctions.

## DISCUSSION

Defendants argue that all but one of Plaintiff's claims are barred by res judicata in light of the final judgment issued in 11-1019 CW, a previous action by Plaintiff against Defendants, and that the remaining claim fails on the merits.

**A. Res Judicata**

The elements necessary to establish res judicata are: "(1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties." Headwaters Inc. v. U.S. Forest Serv., 399 F.3d 1047, 1052 (9th Cir. 2005) (internal quotation marks and citations omitted).

### 1. Identity of the Claims

"In determining whether a present dispute concerns the same claims as did prior litigation, the [Court] considers: (1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts. The last of these criteria is the most important." Headwaters Inc, 399 F.3d at 1052 (internal quotation marks and citations omitted). Satisfaction of the fourth factor alone is sufficient to find an identity of claims without an analysis of the other factors. See Int'l Union of Operating Eng'rs–Employers Constr. Indus. Pension, Welfare and Training Trust Funds v. Karr, 994 F.2d 1426, 1430 (9th Cir.1993) (citing cases finding successive claims barred by res judicata based solely on analysis of the fourth factor).

The Complaint here is not just similar to Plaintiff's previous action before Judge Wilkin—it is word-for-word identical to the complaint in that action. (Case No. 11-1019, Dkt. No. 1) Therefore, the claims rise out of the exact same nucleus of facts and contain the same claims as the prior litigation.

### 2. Final Judgment on the Merits

"[D]ismissal of an action with prejudice generally constitutes a final judgment on the merits and precludes a party from reasserting the same claims in a subsequent action in the same court." Headwaters Inc., 399 F.3d at 1052 (9th Cir. 2005). Pursuant to Rule 41(b):

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits.

Fed. R. Civ. P. 41.

In the prior action all claims against Defendant Saxon were dismissed without leave to amend, with the exception of Plaintiff's claim under California Civil Code section 2923.5, which was dismissed without prejudice. (Case No. 11-1019, Dkt. Nos. 20, 39.) The judgment on the merits for the 23 claims dismissed without leave to amend was final. See Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 714 (9th Cir. 2001) ("Unless otherwise specified, [dismissal with prejudice for failure to prosecute] operates as an adjudication upon the merits." (internal quotation marks and citation omitted)). The final remaining claim was dismissed without prejudice for failure to prosecute because Plaintiff failed to appear at a case management conference. This "without prejudice" dismissal was not a final judgment on the merits. (Case No. 11-1019, Dkt. No. 39.); see also Oscar v. Alaska Dep't of Educ. and Early Dev., 541 F.3d 978, 981 (9th Cir. 2008) (internal citations omitted) ("We have repeatedly held that a dismissal without prejudice is not a decision on the merits for the purposes of res judicata." (internal quotation marks and citation omitted)).

Old Republic had filed a declaration of non-monetary status pursuant to Civil Code section 2924l while the earlier action was still in state court. (Case No. 11-1019, Dkt. No.

11.) That statute provides that a trustee under a deed of trust may file a declaration of non-monetary status if the trustee maintains a reasonable belief that it has been named solely in its capacity as trustee. Cal. Civil Code § 2924l(a). If no objections to the declaration are filed, then the trustee does not need to participate further in the action. Cal. Civil Code § 2924l(d). The trustee, however, must agree to be bound by whatever order or judgment is issued by the court regarding the subject of the deed. § 2924l(c). The record does not reflect that any objections were filed in state court or, upon removal, in federal court.

District courts within this District have generally held that such declarations are not recognized in federal court. See Vann v. Wells Fargo Bank, 2012 WL 1910032 *2 n.1 (N.D. Cal. May 24, 2012) (citing cases). Nonetheless, in the previous action Plaintiff did not make any objection to the declaration even though Old Republic filed notice in the removed action that it had filed such a declaration in state court. (Case No. 11-1019 CW, Dkt. No. 11.) Further, the district court apparently considered the claims against Old Republic dismissed because it held that the only claim remaining was a Civil Code section 2923.5 claim against Saxon, which the district court later dismissed without prejudice. (Case No. 11-1019 CW, Dkt. Nos. 35, 39) Thus, the termination with prejudice of all claims of 11-1019 CW, except for a single claim against Saxon, must be considered as a termination of the claims against Old Republic with prejudice.

### 3. Privity

"If the parties in the first suit are exactly the same as the parties in the second, then this element is met." Nnachi v. City of San Francisco, 2010 WL 3398545 *6 (N.D. Cal. Aug. 27, 2010) aff'd sub nom. Nnachi v. City & County of San Francisco, 467 F. App'x 644 (9th Cir. 2012) (internal citations omitted). Defendants in Case No. 11-1019 are identical to the Defendants in this action so the privity element is satisfied.

### 4. Res Judicata Bars 23 of the 24 claims

The Complaint in this action is word-for-word identical to the complaint filed in Case No. 11-1019; therefore, Plaintiff's claims arise out of the same nucleus of facts as the earlier case. In the previous action, the court issued final judgments on the merits for 23 of the 24

claims against Saxon, and on the entire complaint for Old Republic.[11] The privity requirement is also met because the parties are identical to the parties in the previous action. Therefore, all claims with the exception of Plaintiff's twenty-third cause of action against Saxon arising under California Civil Code Section 2923.5 are barred by res judicata and DISMISSED with prejudice.

### B. Wrongful Foreclosure pursuant to California Civil Code Section 2923.5

Defendant Saxon argues that the single claim that is not barred by res judicata—the California Civil Code section 2923.5 claim—must be dismissed for failure to state a claim because "1) Defendants were excused from compliance pursuant to 2923.5(h) due to Plaintiff's multiple bankruptcies; 2) the statute was not in effect at the time the [Notice of Default ("NOD")] was recorded; and 3) Defendants did comply with 2923.5(c) where the declaration was attached to the [Notice of Trustee's Sale ("NOTS")]." (Dkt. No. 5 at 3.)

   1. Dismissal for Failure to State a Claim

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint may be dismissed for failure to state a claim upon which relief may be granted based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). For purposes of evaluating a motion to dismiss, the court "must presume all factual allegations of the complaint to be true and draw all reasonable inferences in favor of the nonmoving party." Usher v. City of Los Angeles, 828 F.2d 556, 561 (9th Cir. 1987). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1950 (2009). The complaint must plead "enough facts to state a claim for relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S.Ct. at 1949. "The plausibility

---

[11] In the alternative, documents of which the Court may take judicial notice demonstrate that Old Republic was not involved in the origination of Plaintiff's loan—the conduct of which she complains in this lawsuit.

7

standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (internal quotations omitted). Courts may dismiss a case without leave to amend only if the plaintiff is unable to cure the defect by amendment. Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000).

Plaintiff's twenty-third cause of action asserts that on "December 20, 2007, Plaintiff received a Notice of Default . . . [without] the requisite declaration attached to it pursuant to California Civil Code Section 2923.5(b) [or (c)]" and that on August 3, 2010, she "received a Notice of Trustee's Sale that likewise "did not have the requisite declaration attached to it." (Complaint ¶¶ 175-176.) Section 2923.5 went into effect on September 6, 2008. (Dkt. No. 5 at 24.) Defendants note that before this date, "it makes sense that Plaintiff did not receive a declaration attached to the NOD," and "the declaration is attached to subsequent NOTS filed after July 8, 2008." (Dkt. No. 5 at 25.) While Defendants are correct that the 2007 NOD was pre-Section 2923.5 and therefore outside its mandate, the 2010 NOTS remains contested.

The parties advance the same arguments about the 2010 NOTS that were put forth and considered by Judge Wilken in the earlier case: Defendants state that there was a declaration in satisfaction of Section 2923.5, Plaintiff denies receiving such a declaration, and "the Court must credit as true Plaintiff's allegation that she did not receive the required declaration." (Case No. 11-1019, Dkt. No. 20 at 11.) Judge Wilken also noted that the declaration Defendants reference, dated in 2009, is "over one year prior to the trustee's sale scheduled to take place in August, 2010," which may not be sufficient notice as indicated in Milyakov v. JP Morgan Chase Bank, 2011 WL 3879503, *3 (N.D. Cal. Sept. 2, 2011). (Case No. 11-1019, Dkt. No. 20 at 11.) Thus, Defendants' assertion of compliance with regard to the 2010 NOTS is disputed.

In the alternative, Defendants now allege that Plaintiff was in bankruptcy proceedings on the 2010 date in question, which—pursuant to Section 2923.5(h)(3)—excused Defendants "from compliance with the statute." (Dkt. No. 5 at 25.) Section 2923.5(h)(3) states that if a borrower has an open bankruptcy case where no grant of relief from a stay of foreclosure has been ordered, then the contact requirements do not apply. Cal. Civ. Code §2923.5(h)(3).

However, pursuant to Section 2923.5(b), a declaration must state that "no contact was required pursuant to subdivision (h)." Cal. Civ. Code §2923.5(b). While the status of Plaintiff's bankruptcy proceeding might be relevant to the type of declaration generated, it does not change the requirement for a declaration. Even if the Court were to rule that a declaration in Defendants' records would be sufficient, the declaration provided by Defendants as attached to the August 3, 2010 NOTS lists contacts with Plaintiff from over a year previous rather than a lack of contacts pursuant to Section 2923.5(h). Based on the record before the Court, the Court cannot conclude as a matter of law that Defendants complied with Section 2923.5 in regard to this declaration.

## CONCLUSION

If the Court takes Plaintiff's allegations as true, which it must on a 12(b)(6) motion, then, as Judge Wilken previously ruled, she did not receive a declaration as required by Section 2923.5(b) with the August 3, 2010 NOTS. (Case No. 11-1019, Dkt. No. 20 at 11.) In addition, the declaration maintained by Defendants with the 2010 NOTS lists contacts from 2009 and not a lack of contacts as permitted in Section 2923.5(h). Accordingly, Defendant Saxon's motion to dismiss Plaintiff's Complaint is GRANTED with prejudice as to all claims in the Complaint except Plaintiff's twenty-third cause of action under Section 2923.5. All claims against Defendant Old Republic are DISMISSED with prejudice.

Defendants removed this action to federal court on the basis of federal question jurisdiction. (Dkt. No. 1 at 2.) As this Order finally disposes of all federal claims, and as the only claim remaining is a state law claim against defendant Saxon, the Court declines to exercise supplemental jurisdiction of the remaining state law claim. See Ove v. Gwinn, 264 F.3d 817, 826 (9th Cir. 2001)("A court may decline to exercise supplemental jurisdiction over related state-law claims once it has 'dismissed all claims over which it has original jurisdiction.'")(quoting 28 U.S.C. §1367(c)(3)); United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966)("Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well.").

Accordingly, the remaining claim against Saxon is REMANDED to the Contra Costa Superior Court.

This Order disposes of Docket Nos. 5 and 13.

**IT IS SO ORDERED.**

Dated: August 7, 2012

_____
JACQUELINE SCOTT CORLEY
UNITED STATES MAGISTRATE JUDGE